FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAY 20 P 1: 3

CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES LYNN,

    Petitioner,

v.

GLEN JOHNSON, Warden,

    Respondent.

CIVIL ACTION NO.: CV613-014

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Lynn ("Lynn"), who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in Toombs County Superior Court. Respondent filed an Answer-Response.

## STATEMENT OF THE CASE

Lynn was indicted by the Toombs County grand jury on single counts each of aggravated child molestation and child molestation. (Doc. No. 7-6, pp. 82-84). Following a jury trial, Lynn was convicted on both counts. (Id. at p. 117). Lynn was sentenced to an aggregate of sixty years in confinement followed by life on probation. (Id.). Lynn pursued a direct appeal, and his convictions and sentences were affirmed by the Georgia Court of Appeals. Lynn v. State, 300 Ga. App. 170 (2009).

Lynn filed a state habeas corpus petition in the Superior Court of Hancock County, challenging his Toombs County convictions. (Doc. No. 7-1). That petition

AO 72A
(Rev. 8/82)

raised, as grounds for relief, that the trial court erred in: (1) failing to intervene on the credibility of a State witness who admitted to coaching the victim; (2) failing to be impartial on material evidence of a similar transaction that Lynn was never given notice of and because the court intervened, changing the witness's testimony to be favorable to the State; (3) allowing the victim's videotaped statement into evidence; (4) restricting Lynn's cross-examination; and (5) it "failed to prove guilty beyond a reasonable doubt and acquit." (Doc. No. 7-3). Lynn also raised two "amended grounds" for relief: ineffective assistance of appellate counsel for failing to raise the State's failure to prove venue on appeal; and ineffective assistance of appellate counsel for failing to argue that the trial court expressed its opinion while charging the jury on venue. (Id.). Following an evidentiary hearing, the state habeas corpus court denied relief on all grounds. (Id.). The Georgia Supreme Court denied Lynn's application for a certificate of probable cause to appeal the denial of his state habeas corpus petition. (Doc. No. 7-5).

Lynn raises the following grounds based on alleged violations of the Fifth and Fourteenth Amendments: (1) trial court error in failing to intervene on "State's witness admitted coaching alleged victim/failed to intervene on credibility" (Doc. No. 1, p. 5); (2) the trial judge's failure to be impartial on material evidence; (3) trial court error in allowing the victim's videotaped interview into evidence; (4) the trial judge's alleged error in restricting Lynn's cross-examination of the State's witnesses; and (5) violations of the Fourteenth and First amendments in that Lynn's "first amendment rights were and are continued to be denied ('access to the court')". (Doc. No. 1, p. 12).

2

AO 72A
(Rev. 8/82)

Respondent contends that grounds 1-4 are procedurally defaulted because Lynn failed to raise these grounds in his state habeas corpus case. Respondent asserts that ground 5 attempts to challenge a condition of Lynn's confinement and fails to state a cognizable claim for relief under § 2254.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Procedurally Defaulted Claims (Grounds 1 – 4)

Respondent alleges that, although grounds 1-4 are newly raised, they are procedurally defaulted under Georgia's successive petition rule, O.C.G.A. § 9-4-51, as Lynn did not raise these grounds in his direct appeal or state habeas corpus case. Respondent also alleges that Lynn does not establish cause and actual prejudice or a miscarriage of justice to excuse his failure to raise these four grounds.

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal

AO 72A
(Rev. 8/82)

3

citation and punctuation omitted). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. Id. at 1305 ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as [providing] no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

The Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met: A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. In extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice. Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

AO 72A
(Rev. 8/82)

Georgia law requires state habeas petitioners to raise all available grounds for relief in an original or amended habeas petition. O.C.G.A. § 9-14-51. Under O.C.G.A. § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Lynn failed to raise the federal constitutional allegations contained in grounds 1-4 in either his direct appeal or state habeas corpus case. The only federal constitutional grounds for relief raised in the state courts were allegations of ineffective assistance of appellate counsel. (Doc. No. 7-2; Doc. No. 7-6, pp. 38-45). Lynn's claims that the trial court erred in failing to intervene with regard to a State witness, the trial judge was not impartial, the trial court erred in admitting the victim's videotaped interview, and the trial judge erred in limiting Lynn's cross-examination are all procedurally barred. Lynn could and should have raised these allegations in the state courts.

Lynn fails to show cause for his failure to bring these claims in his original state habeas corpus petition. Lynn also fails to satisfy the "fundamental miscarriage of justice" exception. (Doc. No. 1, p. 6). Lynn submits throughout this petition that a "lack of access to competently staffed prison law library to research" prevented him from previously bringing his claims. Lynn attempts to bootstrap the above four grounds into

5

AO 72A
(Rev. 8/82)

the instant petition through his allegation repeated in ground five, that he has been denied access to the courts. Even if the Court accepted this bald allegation as true, Lynn has not met his burden of demonstrating actual prejudice. It is the petitioner's burden to show cause for the default and actual prejudice resulting from the default. Coleman, 501 U.S. at 753. Lynn has not done so.

## II.  Access to the courts (Ground 5)

In ground five of the petition, Lynn asserts violations of the Fourteenth and First Amendments stemming from denial of "access to the courts". (Doc. No. 1, p. 12). Respondent contends this allegation fails to state a claim appropriate for habeas corpus relief.

Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325 (11th Cir. 2010).

Lynn's allegation that he has been denied access to an adequate law library while incarcerated contests a condition of his confinement. "The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (internal citations omitted). A

AO 72A
(Rev. 8/82)

claim unrelated to the cause of a petitioner's detention does not state a claim for habeas relief. Quince v. Crosby, 360 F.3d 1259, 1261 (11th Cir. 2004). Ground five does not raise a claim related to the cause of Lynn's detention; therefore, it is not cognizable under § 2254.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lynn's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE